**EVES TALL CHIEF v. AARON et al.**

No. 10654—Opinion Filed Oct. 10, 1922.

(Syllabus.)

**1. Parties — Defects — Time and Mode of Objection.**

A party desiring to take advantage of a defect of parties plaintiff must promptly interpose an objection in the manner provided by law, and, failing to do so, he will not be allowed to speculate upon a favorable verdict, and when afterwards he is disappointed by an adverse finding of the jury, be permitted to raise such question, either in a motion for a new trial or in the appellate court.

**2. Physicians and Surgeons—Trial—Direction of Verdict.**

When the evidence introduced in favor of defendant, together with such inference and conclusion as may be reasonably drawn therefrom is insufficient to support a verdict in favor of defendant, it is not error for the court to direct a verdict for the plaintiff. Record examined, and held, there was not competent evidence introduced to support the

counterclaim of defendant and the court did not err in sustaining a demurrer to the same.

**3. Same.**

Record examined, and held, there was no question of fact to be submitted to the jury, except the reasonable value of services rendered, and the court did not err in directing the jury to return a verdict for the plaintiff in such an amount as it found to be reasonable value of services rendered.

**4. Appeal and Error—Exclusion of Evidence —Record.**

This court will not consider an assignment of error predicated upon the exclusion of evidence, where the record fails to disclose what such evidence would have been if admitted.

**5. Trial — Instructions — Refusal.**

It is not error to refuse instructions based upon a state of facts to support which there is no evidence.

Error from District Court, Osage County; Preston A. Shinn, Judge.

*Action for recovery for medical services brought by W. H. Aaron and G. W. Goss against Eves Tall Chief. Judgment for plaintiffs, and defendant brings error. Affirmed.*

Joseph D. Mitchell, for plaintiff in error.

C. S. Macdonald, H. R. Duncan, and A. N. Murphey, for defendants in error.

McNEILL, J. This action was commenced in the district court of Osage county by W. H. Aaron and G. W. Goss against Eves Tall Chief to recover for medical services rendered in caring for the wife of said defendant. A portion of the bill included an operation for appendicitis which was performed by Dr. Houser, at Tulsa, and plaintiffs; the plaintiffs having employed Dr. Houser. Defendant filed an answer and cross-petition alleging that he was absent at the time of the operation and that his wife was only sixteen years of age and was pregnant, and the operation should not have been performed, and asks for damages in the sum of $5,000.

The court sustained a demurrer to the evidence of the defendant to support his cross-petition, and instructed the jury to return a verdict for the plaintiffs for the reasonable value of the services rendered. The jury returned a verdict for $369, with interest from May 12, 1916.

For reversal plaintiff in error first complains that the court erred in not ordering Dr. Houser to be made a party plaintiff to said proceedings. This question was not raised by defendant's pleadings in the court below, therefore was waived, and same cannot be raised either in a motion for a new

trial or in this court. Choctaw, O. & G. Ry. v. Burgess, 21 Okla. 653, 97 Pac. 271.

The next error complained of is the court erred in sustaining a demurrer to the evidence offered by defendant in support of defendant's counterclaim and cross-petition. The plaintiff in error fails to set out in his brief any evidence that was offered to support his counterclaim. An examination of the entire record, however, discloses there was no evidence introduced to support the same. There being no evidence in the record that would support a judgment upon the counterclaim, it was not error for the court to sustain the demurrer to the same. See Supreme Tribe of Ben Hur v. Owens, 50 Okla. 629, 151 Pac. 198; Cockrell v. Schmidt, 20 Okla. 207, 94 Pac. 521; Cooper v. Fleshner, 24 Okla. 47 103 Pac. 1016; Phinnie v. Atkinson, 72 Oklahoma, 177 Pac. 111.

The third error complained of is the court erred in instructing the jury to return a verdict for the reasonable value of the services rendered. An examination of the evidence discloses practically no controversy in the evidence. The services were performed at the request of the defendant. or at least the defendant admitted advising the doctor to look after his wife and do whatever was necessary, and in compliance with the request the operation was successfully performed. There was no question of fact to be submitted to the jury except the question of the reasonable value of the services.

It is next contended the court erred in advising the jury to allow interest. We think there was no error in this.

The sixth error complained of is the court erred in refusing to allow the defendant to offer competent and material testimony. Mrs. Tall Chief was produced as a witness by the defendant and an objection was made to her testifying for the reason she was the wife of the defendant and was incompetent, which objection was sustained by the court. The defendant failed to aver what he expected to prove by this witness and under the rule announced by this court in the cases of Ford v. Perry, 66 Okla. 150, 168 Pac. 221. White v. State. 50 Okla. 97. 150 Pac. 716. the error. if any. was waived.

It is assigned as error that the evidence was insufficient to support the verdict. It is sufficient to say there is no merit in this contention.

The tenth specification is, the court erred in refusing to give special instructions offered by the defendant. These instructions might have been competent if there had been

any evidence in the record justifying the same. Firebaugh v. DuBois, 70 Oklahoma,

There are other assignments of error but disposing of the ones in question makes the others immaterial. Motion is made for judgment on the supersedeas bond, and judgment is rendered against H. H. Brenner, surety on the supersedeas bond, for $369, with six per cent. interest from May 12, 1916, and costs amounting to $59.90, and costs in this court.

For the reasons stated, the judgment is affirmed.

HARRISON, C. J., and JOHNSON, KANE, and NICHOLSON, JJ., concur.