## PITTSBURG COUNTY RY. CO. v. PALMER.

No. 12876—Opinion Filed Sept. 16, 1924.

Rehearing Denied Nov. 12, 1924.

1. **Negligence—"Contributory Negligence."**

Contributory negligence is such negligence on the part of the plaintiff as helped to produce the injury complained of, or, in other words, contributory negligence is the failure on the part of the plaintiff to exercise that ordinary care and diligence which would be expected of a reasonably prudent person under like circumstances to avoid injury to himself.

2. **Same—Personal Injuries—Last Clear Chance.**

Where the plaintiff has been guilty of contributory negligence and by reason thereof has been placed in such a position of peril that he was unable to extricate himself, yet if defendant's servants observed such peril in time to have avoided striking or injuring him, or by the use of ordinary care could have done so, defendant will be liable.

3. **Street Railroads—Negligence of Motorman—Injuries to Driver of Frightened Animal—Verdict for Damages Sustained.**

In this case the evidence shows that the motorman saw the plaintiff something like 100 feet, and that her horse at the time had become frightened and was rearing and plunging and kicking and had gotten beyond the control of the plaintiff and finally commenced backing towards the car, and the motorman on said car failed to stop his car, but kept it going until it struck plaintiff's horse and knocked it down and injured her, the plaintiff. Under such circumstances there is no place for the application of contributory negligence, or the doctrine of last clear chance. Record in this case examined, and held, that the injury to plaintiff was caused solely by the negligence of the motorman operating the street car that injured plaintiff, and that the verdict of $1,000 rendered under the verdict of the jury is sustained by the evidence,

is not excessive, and will not be disturbed on appeal.

4. **Trial—Sufficiency of Instructions—Refusal of Requests.**

Where the general charge of the court covers the law of the case clearly and fairly, the case will not be reversed on account of the refusal to give certain instructions asked by the defendant, which only had a remote application to the facts and the law of the case.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

This action was commenced on May 5, 1920, by Clara F. Palmer, who was the plaintiff below, against the Pittsburgh County Railway Company, defendant below. The parties will be designated as they appeared in the trial court. The plaintiff alleged in her petition her cause of action against the defendant, wherein she states that on the 17th day of January, 1920, the defendant was operating a street railway system occupied and used conjointly with the traveling public along the center of North Main street in the city of McAlester to North McAlester, extending from the main business section of North McAlester south along said North Main street for more than a block beyond where the same crosses or intersects with the Missouri, Kansas & Texas Railway Company's right of way; that on said date in said street about 75 feet south of the Missouri, Kansas & Texas Railway's crossing, said defendant, in the operation of one of its street cars, carelessly, recklessly, and negligently run upon and against the plaintiff, thereby causing great and permanent injury to her; that at the time she was injured, she was riding horseback along said Main street going south, using and occupying that portion of the street along and to the right of the defendant's car tracks, and immediately after crossing the Missouri, Kansas & Texas right of way, the horse which plaintiff was riding and which had theretofore at all times been gentle and in no wise vicious, suddenly became frightened and whirled and commenced backing parallel with, and close to defendant's street car tracks, and was practically unmanageable for a distance of approximately 50 feet, and backed upon the tracks of the defendant and was there struck by the car of the defendant, throwing plaintiff from said horse and in front of the car of the defendant, injuring her as aforesaid; that plaintiff was exercising due care and caution and using every effort and

means within her power to avoid injury to herself; that said injuries were due to the carelessness and negligence of the employes and servants of the defendant in that the motorman in charge failed to keep a look out ahead of the car, as the same was crossing the Missouri, Kansas & Texas tracks, and as the same was approaching the point where the plaintiff was endeavoring to gain control of her horse, and that said motorman did not stop or slacken the speed of said car when he saw, or could have seen by the exercise of ordinary care, the dangerous position of the plaintiff. She further alleges that she suffered painful and permanent injuries as follows: bruises and abrasions on and about the head; musculo—spiral nerve in right arm crushed; ligaments of both knees lacerated, and great and serious nervous shock to her system; that by reason of the injuries aforesaid plaintiff suffered great and excruciating pain and was confined to her home for several weeks, and has been incapacitated from the date of said injury up to the time of the filing of this suit from pursuing her profession as a practicing physician, and that she has been damaged in the sum of $5,000, for which she prays judgment. Defendant answered by way of general denial, admitting its corporate existence, and that it was operating a street railway system in the city of McAlester at the time of the accident complained of. For a separate defense the defendant sets up that if it was guilty of negligence, that just prior to and at the time of said accident, the plaintiff was guilty of negligence and carelessness which contributed to said accident in that she did carelessly and negligently ride, manage, and control her horse so that the horse became unruly and backed into the car of this defendant, thus causing her injuries. Plaintiff replied to the answer of the defendant and denied that she was guilty of negligence and carelessness, and denied that she was guilty of contributory negligence in any respect whatever. On the issues thus joined, the case went to trial before the court and a jury. The evidence tends to show that just prior to and at the time of the accident the plaintiff was riding south from North McAlester along the street in which said street car company operated its cars, and that about the time she was crossing the right of way of the Missouri, Kansas & Texas Railway Company her horse took fright at an engine standing on the tracks of the Missouri, Kansas & Texas railway company, which was popping off steam at the time, and commenced rearing and plunging down the street, and she was using the bridle in trying to control said horse, and had gotten some distance ahead of the street car, which was going in the same direction. The motorman on the street car states that just after he had crossed over the right of way of the Missouri, Kansas & Texas Railway, he discovered the plaintiff about 85 or 90 feet in front of him, that her horse was rearing and kicking and she was jerking on the bridle trying to get him under control, that he was going about 10 or 12 miles an hour on the car, and that the horse finally commenced backing towards the street car track, and that he slowed down the speed of the car and that the horse backed 25 or 30 feet and finally backed against the front end of his car and was knocked down and the car passed over him, and he was 5 or 6 feet under the car when he got the car stopped; that when the horse was knocked down the plaintiff was thrown off to one side in the street and injured as she complained of in her petition. There is some slight conflict between the testimony of the motorman and Mrs. Palmer, but the difference is too slight to be noticed. We think that both parties were somewhat frightened at the time and did not remember just what occurred, but the testimony shows that the injury occurred just about as above stated. There were other witnesses testified in the case, but their testimony throws very little light on the facts of just how the accident occurred, because each witness saw the accident from his view point, and there is always a difference in the testimony given under such circumstances. There were a number of instructions requested by the defendant, some modified and given. The court delivered quite an extensive set of general instructions. Exceptions were saved by defendant to the instructions requested and modified and to nearly all of the instructions given by the court. After the argument of counsel, the jury retired and returned a verdict in favor of the plaintiff. Defendant filed a motion for new trial, which was overruled, time taken to prepare and serve case-made, and the case has been duly appealed to this court, and is now before it for review.

Monk & McSherry, for plaintiff in error.

George M. Porter and John L. Fuller, for defendant in error.

Opinion by MAXEY, C. This action grows out of an accident that occurred on the 17th day of January, 1920, in the city of McAlester and resulted in the plaintiff, Clara F. Palmer, receiving an injury or several injuries by being struck by a street car belonging to the defendant, Pittsburg County Railway Company. The accident occur-

red on North Main street, which runs from the business part of McAlester up to and into the old town of North McAlester. The plaintiff, Clara F. Palmer, was riding horseback going from old McAlester to McAlester along Main street, and the defendant street car company track runs along the center of said Main street between the two towns. There is a spur of the Missouri, Kansas & Texas Railway that branches off and runs to Krebs and other mining towns east of McAlester, and on this particular day when the plaintiff, Clara F. Palmer, reached this spur of the Missouri, Kansas & Texas Railway, the street car had stopped north of the spur and was taking on passengers, when the plaintiff passed it on her horse. About the time that she was passing the street car her horse which had always been a very gentle and tractable horse took fright at an engine on the Missouri, Kansas & Texas Railway tracks, and which was popping off steam. She commenced trying to control her horse, but he ran on across the spur of the Missouri, Kansas & Texas Railway and appeared to get more and more frightened all the time the street car got over the crossing. Roy Griffin, the motorman on the street car, says that Mrs. Palmer was 85 or 90 feet ahead of the street car after he got across the tracks, her horse was rearing and plunging and kicking and finally commenced backing, and she was unable to control him or get him to go forward on the road. The street car was running from 10 to 12 miles an hour coming up behind her. The horse backed on to the track and was struck by the street car, which knocked the horse down and threw Mrs. Palmer off in the road, and the street car passed over the body of the horse for 4 or 5 feet before it was stopped and had to back off of the horse before they could get the door open. The motorman, as soon as he could get his car stopped and get off, went to Mrs. Palmer, and as she says told her that he never saw her until he struck her. Mrs. Palmer was taken home, and it was found that she had a number of bruises, abrasions, and cuts on her body, and that her knees were both injured, one of them sprained, and she was confined to her bed for considerable time, and was not able to pursue her calling as a physician for some months afterwards. Suit was brought against the street car company by Mrs. Palmer to recover damages for the injuries sustained by her, and was tried in the district court of Pittsburg county, and resulted in a verdict in favor of Mrs. Palmer for $1,000.

The principal contention of the plaintiff in error is, that the court refused to properly instruct the jury on contributory negligence and the doctrine of the last clear chance. Counsel for plaintiff in error requested something like 10 or 15 special instructions, some of which were given and others modified and given, and some refused, and counsel excepted to practically all of the courts general instructions, and it is on these instructions largely that this case turns. We have read all of the requested instructions by plaintiff in error and read the entire charge of the court, and we are of the opinion that the general charge of the court fairly presented the law of the case to the jury. The difference between counsel and the court seems to have been on the question of contributory negligence and the doctrine of the last clear chance. We are of the opinion that counsel for plaintiff in error placed too much stress on the alleged contributory negligence of the plaintiff and on the doctrine of the last clear chance. We are of the opinion that it takes a considerable stretch of the definition of contributory negligence and of the doctrine of the last clear chance to get either one of them in to this case, but we are not inclined to blame counsel for plaintiff in error, because that was the only defense that he had, and he had to make the most of it. It is hard to understand how the facts that the plaintiff's horse became frightened and was rearing and plunging absolutely uncontrollable by Mrs. Palmer for a distance of something like 100 feet in plain view of the motorman on the car and that he run his car along until he ran it against the horse and knocked it down and knocked the plaintiff off in the road and ran the street car upon the horse 4 or 5 feet before he could stop it. Just how there could be any contributory negligence on the part of the plaintiff is hard to understand. There is no controversy in the testimony but that the horse had got beyond her control, and the motorman could see plainly that she was not able to control it, and it was backing right towards the car, and he kept the car running instead of stopping it until she could quiet her horse, and ran up against the horse and knocked it down and injured Mrs. Palmer. As we said before it is hard to get contributory negligence or the last clear chance in the case, and it is on the requested instructions that counsel for plaintiff in error ask and those that the court gave on these two questions that the complaint in the instructions is directed. We are of the opinion that the case was fairly tried, and that the instructions given by the court fairly presented the law of the case to the jury, and the verdict reached by the jury is not excessive.

We have read the authorities incorporated in the brief of counsel for plaintiff in error, and also those in the brief of the defendant in error that are cases arising in similar accidents to the instant case, and we deem it unnecessary to cite them. Most of them are cases on contributory negligence. and the cases involving the doctrine of the last clear chance, and we do not think either of these questions are of sufficient importance in this case to require the citation of authorities. On the whole case, we think the judgment of the trial court should be affirmed, and so recommend.

By the Court: it is so ordered