## FIRST NAT. BANK OF MILL CREEK v. MADILL PRODUCE CO.

No. 19415.   Opinion Filed June 24, 1930.

Commissioners' Opinion, Division No. 2.

Cornelius Hardy, for plaintiff in error.

Don Welch, for defendant in error.

HALL, C. This was an action by the First National Bank of Mill Creek against the Madill Produce Company, a corporation. The action was on a bill of exchange, a draft. The draft was treated as a promissory note of the defendant.

The defendant, as its name suggests, was a produce concern engaged in buying and selling chickens, turkeys, hides, furs, pecans, etc., and had operated such business in the town of Madill for a number of years. At the time this controversy arose, the defendant was a corporation, but the greater portion of its existence, prior to the controversy herein, it operated as a company or a trade name for a person named B. L. Long.

A smaller institution under the trade name of "Mill Creek Produce Company," was located in the town of Mill Creek. The apparent head of this organization or establishment was a man named Swinford. For a period of several years prior to the issuance of the bills of exchange involving the controversy here, the Mill Creek Produce Company, under the management of Swinford, had purchased more than $56,000 worth of produce at Mill Creek, and had shipped it to the Madill Produce Company. He obtained the proceeds of this merchan-

dise by drawing drafts through the plaintiff bank, the First National Bank, on the defendant, Madill Produce Company. Apparently, these drafts were sight drafts and were treated as cash items at the bank and placed to Swinford's credit—Swinford being either the proprietor or the manager of the Mill Creek Produce Company. This course of dealing existed for about ten years. About two years prior to the issuance of the drafts involved herein, the defendant became a corporation.

It is the theory of the plaintiff that the Mill Creek Produce Company was simply a branch house of the Madill Produce Company, or, in other words, that Swinford was the authorized agent of the defendant to purchase produce and to draw drafts therefor, and that the acts of Swinford, within the apparent scope of his authority, were the acts of the defendant.

It is the contention and theory of the defendant that the Mill Creek Produce Company was not an agency of the defendant, and that the company went no further than to advance Swinford some money to establish the concern, and thereafter, at all times, purchased his produce and paid the drafts drawn on it through the banks only when Swinford had to his credit moneys due it for produce, which had been purchased from Swinford.

The evidence on this point was strikingly conflicting. The plaintiff introduced testimony that a Mr. Long, for a considerable time the Madill Produce Company, authorized the bank to pay drafts drawn on it by Swinford; and made this agreement upon the theory that the Mill Creek Produce Company was a branch house of the Madill Produce Company; that the Mill Creek Produce Company shipped all its produce to the defendant company, and could not ship it elsewhere except upon direction of defendant.

On the other hand, the defendant introduced testimony in the person of the general manager, secretary, treasurer, etc., of the Madill Produce Company, that the relations between the two companies were never anything other than debtor and creditor; that the defendant company was only a purchaser of produce from the Mill Creek Produce Company, just as it purchased from other concerns, and that it occasionally turned down drafts drawn by Swinford. Much of Swinford's testimony on cross-examination tended to corroborate this testimony of the defendant.

When the defendant company incorporated, no change whatever was made in the policies of that company or concern, and, in fact, it appears that its incorporation was not known to the plaintiff.

A trial was had, resulting in a verdict and judgment in favor of defendant. There are numerous errors complained of, many of which it will be unnecessary to discuss.

It is first contended that the court should have submitted to the jury a peremptory instruction directing the jury to return a verdict in favor of the plaintiff.

It was not error to overrule plaintiff's motion for directed verdict. The question was one of fact, to be determined by the jury.

The principal contention is directed at certain instructions submitted to the jury and excepted to by the plaintiff. The court, among other instructions, gave the following:

"No. 4. You are instructed that when an agent acts in excess of authority from his principal, that the principal is not bound thereby, and if an agent while carrying on and transacting business of his principal, acts in a manner untrue to his trust, or is defrauding his principal, and that fact is known to the person with whom the agent is dealing on behalf of the principal, or if such person has sufficient facts to create in his mind a doubt or suspicion, whether the agent is acting in good faith and honesty or his principal's best interest, then the one dealing with an agent under such circumstances deals with the agent at his peril, and if the principal discovers such facts, he has the right to repudiate and deny such transaction, and the person dealing with the agent must stand the loss, if any there be.

"No. 5. You are further instructed that agency does not extend so far as to give the agent authority to borrow money and create liabilities for the personal use of the agent's private business, and if one dealing with an agent under such circumstances has knowledge that the funds so borrowed are likely to be appropriated by the agent for his own personal use, then one so dealing with the agent deals with him at his peril, and that the principal may repudiate the transaction and escape liability."

Instruction No. 4 is an incorrect statement of the law. The court, in language apparently without qualification, told the jury that when an agent acts in excess of authority from his principal, that the principal is not bound. No proviso was attached to this statement and the next sentence commences with the word "and," and the matter following has reference to the acts of an agent untrue to his trusts, etc. All of this portion of the instruction was highly prejudicial, for the reason that there is no

evidence in the record upon which such instruction could be predicated. The instruction is more than an abstract statement; it is a statement of matter concerning which the jury might infer from the instruction to be a vital issue in the case.

Instruction No. 5 does not conform to the evidence in the case. In fact, there is no evidence in the record justifying the giving of that instruction. The instruction, like the latter part of instruction No. 4, is not only an abstract statement, but is a statement calculated to clearly mislead the jury as to the issues involved.

Instruction No. 3 is objected to by the plaintiff. In that instruction, the court, among other things, told the jury that they could not find in favor of the plaintiff by reason of any negotiations or express agreements as to agency by B. L. Long, who was the Madill Produce Company before it was incorporated. That part of the instruction was entirely correct. Upon the question of agency, the corporation would not be bound by any express or implied agreements between plaintiff and a member of the partnership before it became a corporation. Proof of express agency would naturally have to rest upon negotiations or transactions between these parties, and the corporate officers or corporate managers after incorporation. However, the jury should have been at liberty to considered the course of dealing between defendant and the Mill Creek Produce Company prior to the time it was incorporated, as throwing some light upon the status of the parties (in the absence of an express agreement) after the defendant came into existence as a corporation.

The court, in instruction No. 8, correctly instructed the jury on the law of ostensible agency or apparent authority. The instruction is a correct statement of the law. But instructions Nos. 4 and 5 are by no means the converse of this correct instruction, and the error in these two incorrect instructions upon the vital issue in the case was not cured by a correct statement of the law in another instruction. These matters are so fundamental and elementary in procedure that a citation of authorities is unnecessary. The authorities supporting the rule are so numerous as to be bewildering. The only difficulty is in the application of the particular facts to the rule which has become fully settled.

We express no opinion on the merits of this controversy. This order of reversal is solely upon erroneous instructions.

For the reasons herein stated, the judgment of the trial court is hereby reversed, with directions to grant a new trial.

BENNETT, HERR, LEACH, EAGLETON, and REID, Commissioners, concur.

By the Court: It is so ordered.