## MILLER v. PRICE.

No. 22004.  May 29, 1934.

Rehearing Denied June 19, 1934.

Walter E. Latimer and V. P. Crowe, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

OSBORN, J.  This action was filed in the district court of Oklahoma county by Gatton Miller, hereinafter referred to as plaintiff, against Prentiss Price, hereinafter referred to as defendant, in which plaintiff seeks to recover damages for personal injuries sustained in an automobile collision. The cause was tried to a jury, which resulted in a verdict for defendant. From judgment thereon, plaintiff has appealed.

The automobile collision occurred on October 9, 1929. The record shows that plaintiff and defendant were traveling in defendant's Cadillac sedan automobile going east on Highway No. 66 near Arcadia; that as they were approaching the top of a hill, they caught up with a negro riding in an empty wagon pulled by a team of mules; that defendant, who was driving, slowed down to a speed of about 30 miles per hour, and then started around said wagon, and at this moment a Dodge automobile came over the hill at a rapid rate of speed approaching from the east; that defendant was unable to pull around the wagon and get back to the right side of the road and a head-on collision occurred between the two cars; and that as a result of the wreck, plaintiff suffered the loss of one eye and other injuries.

There is some dispute in the testimony as to whether plaintiff was an employee or a guest of defendant at the time of the wreck, but this is not a material issue, as the degree of care which defendant was bound to use to avoid injuring plaintiff would be the same in either case.

The circumstances surrounding the collision between the two cars as detailed by plaintiff are as follows:

"Q. Now, just get right up to the wreck, Mr. Miller, just get to the wreck now, I want to hurry along. A. All right, after we passed through Arcadia, going east, we went down through the bottom and the road drilled a little around there and as we approached the hill out about a mile and a half or two miles the other side of Arcadia, we seen a cotton wagon going up a hill just ahead of us and we was stepping along pretty lively, I don't know how fast we were going, but we run up to this wagon and it lacked about 40 or 30 or 40 yards, I thought, of being to the top of the hill, is the way it looked, or we didn't see; I couldn't tell anything about it exactly and Mr. Price dashed around this wagon, and as he dashed around it, this car come over the hill and you see, there, we all piled up in a row. * * * Q. Do you know about how fast he was going until he darted around? A. I imagine about 35 or 40 miles an hour. Q. How far was he from this wagon before he darted around? A. Well, he run right on up and out, I thought he was going to stop in behind the wagon, but he darted around. Q. Well, about how many feet would you say he was from the wagon when he darted around? A. Well, he was right up against it, maybe within ten feet, possibly. Q. Did you know he was going to turn around that wagon? A. I didn't until he turned around, I never thought about his going around. Q. Where was this wagon with reference to the top of this hill? A. It was back from the hill possibly 30 or 40 feet."

With reference to the facts surrounding the collision, the defendant testified as follows:

"Q. When you got up to about where the nigger was, how far was he or his wagon at that time from the crest of the hill, Mr. Price? A. Well, I thought about 250 or 300 feet, that's the way I would estimate it. Q. That's what you would estimate it? A. Yes. Q. What or when you saw his—when you saw him over on the paved highway, what did you do with reference to his wagon? A. I naturally turned around to pass him. Q. You turned around to pass him? A. Yes, sir. Q. Was there any car in sight at the time you turned around to pass him? A. No, sir. Q. As you turned around to pass him, did you slow down any? A. I did. Q. About what rate of speed were you running then, Mr. Price, at the time you turned around his car? A. I would say 30 miles. * * * Q. Had the plaintiff here, Mr. Miller, made any suggestions there up to the time that you started to go around him there with reference to what you should do there? A. He did not. Q. Did he make any objections? A. He did not. Q. Then, as you started around him, I wish you would say what you saw in front of you and what occurred? A. Let me have that again. When I started around the wagon, do you mean? Q. Yes, sir. A. I see; when we got about opposite the wagon, there come a car over the hill at a terrific rate of speed and I * * * (interrupted). Q. Were you able to tell at the rate of speed it was going or were you able to turn around to the right and pass around the nigger? * * * Q. Well, when the—Mr. Price, what did you do; how long did it take that car when you first saw it to reach where you were? A. Well, it was just a short run now, it was coming faster than I was, at least 60 miles an hour. Q. What did you do and state why you did it? A. Well, rather than have a head-on collision, I turned to the left, I turned north. Q. You tried to get out of his way? A. I tried to get out of his way; if he hadn't been going at the terrific rate of speed, I could have gotten away on the right side of the road and I had plenty of time."

Plaintiff alleges in his petition that his injuries were caused solely by the negligence of the defendant in attempting to pass the wagon near the top of the hill, and further alleges that if said defendant had used due and proper caution he would not have attempted to pass said wagon at said point, but would have waited until such time as he had an unobstructed view of the highway ahead.

Plaintiff contends that the court erred in giving an instruction on contributory negligence, which instruction is as follows:

"You are further instructed defendant has pleaded, as one of his defenses, contributory negligence on the part of plaintiff. Contributory negligence means want of ordinary care on the part of plaintiff at the time of the accident, which proximately contributed to the injury. It was the duty of the plaintiff, under the circumstances shown to have existed in this case, to use ordinary care for his own safety, and if you find from the evidence that, at the time of the accident, plaintiff was not exercising that degree of care and caution reasonably to be expected from an ordinary prudent person under similar circumstances, and that his failure to so exercise care and caution contributed to the injury which he received, then the plaintiff cannot recover, and your verdict should be for the defendant."

Contributory negligence has been defined as an act or omission on the part of plaintiff amounting to want of ordinary care which, concurring or co-operating with the negligent act of defendant, is the proximate cause of the injury complained of, and necessarily presupposes negligence on the part of the defendant. Sloan v. Anderson, 160 Okla. 180, 18 P. (2d) 274. Negligence is defined as the want of ordinary care and diligence. Sec. 1783, O. S. 1931.

Section 6, art. 23, of the Constitution provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

The above provision has had consideration by this court in many prior cases. An examination of the various decisions discloses, we believe, that the court has misinterpreted the true purpose, intent, and meaning thereof. With the view of clarifying the view of this court on said provision, we shall advert and quote from some of the former cases. But it may be well to examine the rule of law relating to contributory negligence existing prior to the adoption of the Constitution, so that we may know the evil sought to be remedied by the framers of the Constitution.

In the case of Pittman v. City of El Reno, 4 Okla. 638, 46 P. 495 (former appeal, 2 Okla. 414, 37 P. 851), the Territorial Supreme Court held:

"Under the Code of 1890, in an action brought, founded on a claim of damages, by reason of injury received on account of a defect in the sidewalk, where, at the conclusion of the testimony for the plaintiff, the defendant tendered a demurrer, and where, under the facts as established by plaintiff's evidence, it clearly appeared that the plaintiff was guilty of contributory negligence, held, that it was the duty of the judge of the trial court to say, as a matter of law, whether or not, under the conceded facts, the plaintiff was guilty of contributory negligence, and further held, that, where such facts showed contributory negligence, it was the duty of the trial judge to sustain the demurrer."

This opinion was disapproved in part in the case of City of Oklahoma City v. Reed, 17 Okla. 518, 87 P. 645. Therein it was held that when plaintiff had proved negligence, it devolved upon the defendant to prove contributory negligence. In some of the later territorial decisions it was held that it is only where the facts are such that reasonable men might draw different conclusions respecting the question of negligence or contributory negligence that such questions are properly for the jury. St. Louis & S. F. Ry. Co. v. Copeland, 23 Okla. 837, 102 P. 104; Sans Bois Coal Co. v. Janeway, 22 Okla. 425, 99 P. 153.

In the case of Independent Cotton Oil Co. v. Beacham, 31 Okla. 384, 120 P. 969, it is said:

"Another point is made that the proposition that our constitutional provision, providing that the defense of contributory negligence or assumption of risk is a question of fact to be submitted to the jury, is merely declaratory of the common law that, when the court has found that there is legal evidence tending to show negligence or contributory negligence, it is for the jury to determine from the evidence whether negligence or contributory negligence exists, and cites Kiley v. C., M. & St. P. Ry. Co., 138 Wis. 215, 119 N. W. 309, 120 N. W. 756. To give the Wisconsin provision the construction contended for by the plaintiff in that case would have the effect of conferring judicial power on juries, in violation of article 7, section 2, of the Constitution of Wisconsin, which confers all judicial power upon designated courts. In the case at bar the provision under discussion is a constitutional provision, and, of course, it is not necessary to resort to construction to harmonize it with any other enac'ment. Upon its face, it seems to be plain and unambiguous. It provides that the 'defense of contributory negligence and of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times, be left to the jury.' It is the duty of the court to give it that effect."

In the case of St. L. & S. F. R. Co. v.

Long, 41 Okla. 177, 137 P. 1156, it is said:

"Neither the defense of contributory negligence nor the defense of assumption of risk can arise, of course, unless the defendant has been guilty of negligence which but for one or both of these defenses, would render it liable for damages to the plaintiff. Until then there is nothing against which to make defense; but, if there be evidence from which the jury may find the defendant guilty of such negligence, these defenses, if they exist in fact, are available to the defendant. The section of the Constitution just quoted expressly recognizes these defenses as they existed, especially in their aspects as questions of fact, at the time of the adoption of the Constitution, although we express no opinion as to whether statutory change could be made; but it is quite clear from the language used that neither of them nor any question found in the evidence or want of evidence on an issue made by pleading either or both of these defenses can arise in any case as a question of law for the judge."

In the case of Pioneer Hardwood Co. v. Thompson, 49 Okla. 502, 153 P. 137, in discussing the above constitutional provision, the court said:

"Which means that in this jurisdiction contributory negligence is no longer to be drawn by the court as a conclusion of law from the facts found, but is in all cases a conclusion of fact to be drawn by the jury."

In the case of St. L. & S. F. Ry. Co. v. Boush, 68 Okla. 301, 174 P. 1036, it is said:

"Under article 23, sec. 6 (Williams', sec. 355) of the Constitution, in all cases whatsoever where contributory negligence is a proper defense, the defendant has the right to have the question left to the jury as one of fact. The court has not the power to refuse to submit the defense under proper instructions because of the opinion that the facts proven, if true, do not, as a matter of law, constitute contributory negligence, or are insufficient to support a verdict for defendant on that issue."

We quote further from the body of the opinion:

"* * * The defendant, in an action predicated on negligence, has the same right as the plaintiff in all cases whatsoever, when contributory negligence is a proper defense, to have the question left to the jury as one of fact. The court has not the power to refuse to submit the issue under proper instructions when requested, because he is of the opinion that the facts proven, if true, do not, as a matter of law, constitute contributory negligence, or are insufficient to support a verdict for defendant on that issue. Under this provision of the Constitution, the court has no more right to instruct the jury that the defense of contributory negligence has not been made out, which is done in effect when the issue is not submitted because of the insufficiency of the evidence, than it has to instruct the jury that the defense has been made out, and the verdict should be for defendant. C., R. I. & P. Ry. Co. v. Hill, 36 Okla. 540, 129 P. 13, 43 L. R. A. (N. S.) 622."

In the case of Midland Valley R. Co. v. White, 109 Okla. 60, 234 P. 762, it is said:

"The Constitution of our state has made the question of contributory negligence one of fact for the jury. The rule applies with equal force to both parties in the action."

In the case of Gourley v. City of Oklahoma City, 104 Okla. 210, 230 P. 923, it is said:

"The defense of contributory negligence under section 6, art. 23, of the Constitution, being made a question of fact to be determined by the jury, it is the duty of the court in such cases, where an instruction on this theory is asked, to instruct the jury that one who has negligently contributed to his own injury cannot recover, and a refusal to give such instruction when asked is error."

Other cases to the same general effect are: St. Louis-S. F. Ry. Co. v. Russell, 130 Okla. 237, 266 P. 763; Goodrich v. City of Tulsa, 102 Okla. 90, 227 P. 91; St. Louis-S. F. Ry. Co. v. Robinson, 99 Okla. 2, 225 P. 986; Incorporated Town of Wetumka v. Burke, 88 Okla. 186, 211 P. 522; Klein v. Muhlhausen, 83 Okla. 21, 200 P. 436; Mascho v. Hines, 91 Okla. 295, 217 P. 856; Payne v. Toler, 94 Okla. 98, 221 P. 26.

We cannot follow in full the construction heretofore placed on said constitutional provision notwithstanding the numerous cases in which said provision was considered, for we believe that the prior interpretations conflict with certain other wholesome fundamental principles of law and procedure which should be zealously safeguarded to litigants. We are convinced that the rule laid down by the prior decisions, when literally applied, is too broad and will in many cases result in confusion in the trial of cases before juries.

It is well settled in this jurisdiction that it is error for the trial court to instruct the jury on contributory negligence unless contributory negligence is properly pleaded as a defense. Armstrong v. Green, 113 Okla. 254, 241 P. 789. From a review of the above cases, it is apparent that we have approached this intolerable position: That whenever contribu-

tory negligence is pleaded, it is the duty of the court to instruct the jury thereon even though there is no evidence whatever presented to support such allegation, or from which contributory negligence may be inferred. We cannot assent to such a doctrine. It was never intended by the framers of the Constitution that said provision should be productive of such a rule of law. The constitutional provision is that the "defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury." Obviously, if there is no defense, there is nothing to submit to a jury. To establish a defense, there must be something more than an allegation in a pleading. If there is any evidence of contributory negligence, or from which contributory negligence may be inferred or presumed, it is plain that under proper pleadings it is the duty of the court to submit the issue to the jury. Conversely, if there is no evidence of contributory negligence, or from which contributory negligence may be inferred or presumed, then there is no defense of contributory negligence, and the submission of such issue to the jury will tend to create confusion in the minds of the jury and to obscure the real issues involved. The submission of such issue, under such circumstances, would be contrary to all established rules of procedure and practice. It was not the intention of the framers of the Constitution to confer judicial power on the jury, but rather to emphasize the fact that the jury is the trier of the facts, and that, in so far as contributory negligence and assumption of risk are concerned, the facts upon which said defense are based would be passed upon by a jury without interference on the part of the court.

An illustration may serve to point out the impropriety of the prior rule as recognized by the court. A is sitting on the lawn of his own home; B drives his automobile with reckless negligence from the street onto A's lawn and against A, injuring him. A seeks recovery of his damages against B, and B admits, in his pleadings, his own reckless negligence, but further pleads A's contributory negligence, but introduces no proof thereof, and there are no facts or circumstances in the record from which contributory negligence on the part of A may be inferred or presumed. The court gives an instruction on contributory negligence, and the jury returns a verdict for defendant. Clearly, the court should set aside the verdict, and if the trial court failed to do its duty, this court, on appeal, would be required to set aside the judgment.

Remedial enactments must be given a reasonable construction. Substantive provisions are not enacted as mere guides for idle and senseless ceremonies; courts are not created for useless proceedings, but for the orderly administration of justice. Courts instruct juries on the principles of law applicable to the state of facts under consideration by them, and they, as triers of the facts, are required to apply those principles of law to the facts in determining the ultimate rights of the parties.

"* * * The proposition that instructions should not be given which are not based upon the evidence is so well established as to need no citation of authorities; and it is also clear that they should be framed upon the issues made by the pleadings, and submit the respective theories of the parties as shown by their evidence, and that was what was done in this case. Such instructions are far more helpful to a jury and much more conducive to a just and speedy administration of the law than abstract propositions or dissertations on theories which may be sound in the abstract, but have little or no application to the issues of the case before the jury." Oklahoma Ry Co. v. Christenson, 47 Okla. 132, 148 P. 94; citing: 11 Ency. P. & P. 168; Choctaw, Okla. & G. Ry. Co. v. Burgess, 21 Okla. 653, 97 P. 271; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 P. 934; St. L. & S. F. R. Co. v. Posten, 31 Okla. 821, 124 P. 2; 38 Cyc. 1612; Western Home Ins. Co. v. Thorpe, 40 Kan. 255, 19 P. 631; Morse v. Ryland, 58 Kan. 250, 48 P. 957; Frizzell v. Omaha St. Ry. Co., 59 C. C. A. 382, 124 Fed. 176; Lombard v. Martin, 39 Miss. 149; Porter v. Harrison, 52 Mo. 524; Pleasants v. Fant, 89 U. S. (22 Wall.) 116, 22 L. Ed. 780.

"It is error to give an instruction presenting to the jury a theory of the case, when there is no evidence to support the theory." McAllister v. Ealy, 98 Okla. 223, 225 P. 146; White v. Oliver, 32 Okla. 479, 122 P. 156; Chicago, R. I. & P. Ry. Co. v. Holland, 117 Okla. 30, 245 P. 611; Manglesdorf Seed Co. v. Pauls Valley Grain & Seed Co., 134 Okla. 210, 273 P. 252.

"It is error to instruct the jury upon a theory or issue not supported by evidence, where such instruction is likely to mislead the jury." Bilby v. Gibson, 133 Okla. 196, 271 P. 1026; Maurmair v. National Bank of Commerce of Tulsa, 63 Okla. 283, 165 P. 413.

"It is error to give an instruction which has no application to the issues involved or to the evidence in support thereof, although it states a correct principle of law; and where it is apparent that the instruction confused or misled the jury to the prejudice of

the losing party, the giving thereof constitutes reversible error." Inner Shoe Tire Co. v. Mueller, 108 Okla. 229, 235 P. 1072; Holmes v. Halstid, 76 Okla. 31, 183 P. 969; Thrasher v. St. Louis & S. F. R. Co., 86 Okla. 88, 206 P. 212.

"An instruction not applicable to the facts proven, although correctly stating an abstract proposition of law, should not be given." City of Weatherford v. Rainey, 151 Okla. 183, 3 P. (2d) 153.

"It is not error to refuse instructions based upon a state of facts to support which there is no evidence." Eves Tall Chief v. Aaron, 87 Okla. 230, 209 P. 915.

"Where the issue is raised by the pleadings, but not supported by competent evidence, it is not error for the court to refuse to submit such issue to the jury." Guest v. Shamburger, 120 Okla. 164, 251 P. 97.

"It has become settled law that, in order to justify an instruction upon a supposed state of facts which might be decisive of the case, the evidence should be sufficient to raise the question involved therein, of such force that fair-minded men might doubt or debate as to whether or not it had been proven." First Nat. Bank of Mill Creek v. Madill Produce Co., 144 Okla. 67, 289 P. 714.

"The trial court in stating the issues to the jury should include only such issues as are supported by some competent evidence." Liberty Nat. Bank v. Exendine, 156 Okla. 26, 11 P. (2d) 154.

In the case of Stout v. Mott, 105 Okla. 74, 231 P. 532, it is said:

"It is a well-settled principle that instructions in all cases should run to the facts and to all proper deductions and interpretations of them, and not to questions not presented or covered by the evidence. New v. Territory, 12 Okla. 172, 70 P. 198; New v. Oklahoma, 195 U. S. 252, 49 L. Ed. 182, 25 Sup. Ct. 68.

"It is not error for a court to refuse to give a requested instruction, although it may correctly state an abstract proposition of law, where there are no facts adduced that could constitute a basis for such instruction. Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 P. 141; Eves Tall Chief v. Aaron, 87 Okla. 230, 209 P. 915; Perry v. Cobb, 4 Ind. Terr. 717, 76 S. W. 289; City of Lawton v. McAdams, 15 Okla. 412, 83 P. 429; Lockwood Brothers v. Frisco Lumber Co., 22 Okla. 31, 97 P. 562; White v. Oliver, 32 Okla. 479, 122 P. 156; Miller Brothers v. McCall Co., 37 Okla. 634, 133 P. 183; Kennedy v. Goodman, 39 Okla. 470, 135 P. 936; Shuler v. Collins, 40 Okla. 126, 136 P. 752; Firebaugh v. Du-Bois, 70 Okla. 269, 173 P. 1126; Waters v. Dore, 50 Okla. 183, 150 P. 885; Fowler v. Fowler, 61 Okla. 280, 161 P. 227."

It is noted that prior to the enactment of the constitutional provision the question of contributory negligence became a question of law when a demurrer to the evidence was filed, and in such cases it was the responsibility of the court to weigh the evidence and determine whether or not contributory negligence had been established, and, if so, to sustain such demurrer. By the enactment of section 6, art. 23, of the Constitution, it was provided that the defense of contributory negligence and assumption of risk should at all times be a question of fact for the jury. This was but another step towards guaranteeing to a person who had been injured by the fault of another that a jury would pass upon the question of said fault. Under said constitutional provision the court is precluded from weighing the evidence as to contributory negligence, where the evidence discloses contributory negligence, or where facts and circumstances are in evidence from which such negligence may be inferred or presumed; but where there is no such evidence and no facts or circumstances from which contributory negligence may be inferred or presumed, the issue before the court is whether or not the defense of contributory negligence is presented. This is a question of law for the determination of the court coming within his rightful prerogative as the judge of the law, and is not within the province of the jury as the trier of the facts.

The established rule on the question of primary negligence was not changed by said constitutional provision. The duty remains on the part of an injured person to introduce evidence sufficiently conclusive to the extent that it could not be said that reasonable men could not arrive at a conclusion that negligence had been established. The right to weigh the evidence and determine the effect of negligence on the part of the plaintiff, or contributory negligence, was by said provision conferred upon the jury. Through the enactment of the constitutional provision, it was sought to create a protection to an injured person who had established negligence on the part of another against whom liability was sought to be established. It was no doubt intended that the question of the contributory negligence of the injured party, under such circumstances, should at all times be a jury matter, and that the court should be precluded from weighing such evidence, if any. We cannot give such provision a further meaning.

The evidence is that defendant was operating the car during the course of the trip and immediately prior to the collision in a

careful and prudent manner. The testimony is uncontroverted that as he approached the crest of the hill he slowed up, and plaintiff thought that he would not attempt to drive around the wagon until he had reached the top of the hill and had an unobstructed view of the highway ahead; and that defendant suddenly and without warning turned to the left and attempted to pass the wagon, under his own testimony, at a distance of approximately 100 yards from the top of the hill, and was met by the Dodge car and the collision occurred before he could turn back to the right side of the road. It is testified by both parties that plaintiff did nothing and said nothing immediately prior to the collision. It is sought to charge him with an act of omission rather than with an act of commission, without showing anything that he could have said or could have done to avert the collision. It is estimated by counsel herein that the space of time in which plaintiff was given opportunity to act or speak was less than two seconds. We have searched the record and find no evidence which would justify an inference that any degree of contributory negligence was shown.

The facts in this case are somewhat similar to the facts presented in the case of Pittsburgh County Ry. Co. v. Palmer, 104 Okla. 65, 230 P. 256, wherein it is said in the third paragraph of the syllabus:

"In this case the evidence shows that the motorman saw the plaintiff something like 100 feet, and that her horse at the time had become frightened and was rearing and plunging and kicking and had gotten beyond the control of the plaintiff and finally commenced backing towards the car, and the motorman on said car failed to stop his car, but kept it going until it struck plaintiff's horse and knocked it down and injured her, the plaintiff. Under such circumstances, there is no place for the application of contributory negligence, or the doctrine of last clear chance."

In the case of Murphy v. National Ice Cream Co., 300 P. 91, the Appellate Court of California had for consideration a case very similar from a standpoint of facts to the instant case. The rule is stated therein as follows:

"Evidence of automobile guest's contributory negligence held insufficient for jury, since, even if guest should have seen approaching truck, she could have done nothing to avoid collision."

Plaintiff further complains of instruction No. 11, which is as follows:

"No. 11. You are further instructed that if you find that sole cause of the accident was the high and dangerous rate of speed and the reckless manner in which the approaching car was being driven, you will find for the defendant.

"If you find that the proximate cause of the collision was the combined negligence of the defendant and the driver of the approaching car, and that as a result of such negligence the plaintiff was injured, you will return a verdict for the plaintiff, unless you further find he was himself guilty of contributory negligence."

It appears that said instruction is a fair statement of the rule applicable to the facts in this case, with the exception of the reference to contributory negligence. Plaintiff complains of the first paragraph of the instruction, while defendant contends that, considering the instruction as a whole, the law is correctly stated. A recent pronouncement of the appropriate rule was made by the Supreme Court of the United States in the case of Miller v. Union Pacific R. R. Co., 54 Sup. Ct. 172, wherein the court said:

"The rule is settled by innumerable authorities that if injury be caused by the concurring negligence of the defendant and a third person, the defendant is liable to the same extent as though it had been caused by his negligence alone. 'It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the injury.' Choctaw, O. & G. R. Co. v. Holloway, 114 Fed. 458, 461-462. See, also, Grand Trunk Rwy. Co. v. Cummings, 106 U. S. 700, 702; Gila Valley R. R. Co. v. Lyon, 203 U. S. 465, 473; Union Pac. Ry. Co. v. Callaghan, 56 Fed. 988, 993; Chicago, St. P. & K. C. Ry. Co. v. Chambers, 68 Fed. 148. 153; Chicago, R. I. & P. Ry. Co. v. Sutton, 63 Fed. 394, 395; Shugart v. Atlanta, K. & N. Ry., 133 Fed. 505, 510-511; Pacific Telephone & Telegraph Co. v. Hoffman. 208 Fed. 221, 227; Memphis Consol. G. & E. Co. v. Creighton, 183 Fed. 552, 555."

Various other assignments of error are made by the plaintiff, but an examination thereof shows that none of them affect the substantial rights of the parties.

The judgment of the trial court is reversed and the cause is remanded, with directions to grant plaintiff a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, and BUSBY, JJ., concur. McNEILL, and WELCH, JJ., concurring specially.

McNEILL, J. (specially concurring). It is

urged that the defense of contributory negligence must be submitted to the jury by reason of section 6, art. 23, of the state Constitution, which provides as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

Issues of fact are triable to a jury in law actions. The issues are joined by the pleadings. To support the issues, evidence must be presented. In actionable negligence three essentials must exist: (1) A duty owing; (2) failure to perform that duty; and (3) injury resulting therefrom.

Negligence is not presumed, but must be proved. Contributory negligence is an affirmative defense, and the burden of proof to establish such negligence is upon the defendant unless the evidence of the plaintiff establishes the same. If the evidence, on a material issue, such as contributory negligence, is not conflicting, and reasonable men cannot differ in the inferences or conclusions which may be drawn therefrom as to what course of conduct an ordinarily prudent person would pursue, no issue of fact is presented which requires the submission thereof to the jury.

Huddy Encl. Auto Law, 17, 18, page 278, section 140, announces this rule:

"It is only where no fact is left in doubt and no deduction or inference other than negligence can be drawn by the jury from the evidence, that a court can say as a matter of law that contributory negligence is established. In such action a nonsuit or directed verdict is proper. * * *

"Where the evidence will not support a verdict for defendant on the issues of contributory negligence, it is proper that we withdraw that issue from the consideration of the jury."

See, also, section 178, p. 374, Id.

If any doubt should exist, or there be found reasonable doubt, or fair debate, or if different minds might reasonably arrive at different conclusions on the question of contributory negligence, such question, in all such cases, should be submitted to the jury, but not otherwise. If primary negligence has not been established, it is clear that there can be no issue on the question of contributory negligence, though pleaded as an affirmative defense, and it becomes the duty of the trial court to direct a verdict upon request. If no issue is raised on the question of contributory negligence, though

pleaded so as to admit ground of fair debate or propriety of a difference of opinion from the facts and circumstances as shown by the record and all inferences and conclusions therefrom, then it likewise becomes the duty of the trial court to disregard the plea of affirmative defense of contributory negligence.

In the instant case the measure of time of questionable action appears within the splitting of seconds.

It is my opinion that there has been submitted no debatable evidence on the question of contributory negligence.

WELCH, J. (specially concurring). I concur in the result and in the rules of law announced in the body of the opinion. However, in the former decisions cited, I do not observe the intolerable conflict as to the rule of submission of the question of contributory negligence to the jury which this opinion seems to notice.