ROWLEY v. FOSTER.

No. 34879.    March 31, 1953.

*255 P. 2d 501.*

G. C. Spillers, and G. C. Spillers, Jr., Tulsa, for plaintiff in error.

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for defendant in error.

CORN, J. This action was brought by Raden D. Rowley to recover for personal injuries. Raden D. Rowley died pending the action and the cause was revived in the name of A. D. Rowley, administrator of her estate. The case was tried to a jury which returned

a verdict for the defendant, and from the judgment entered thereon plaintiff appeals.

On October 15, 1948, at approximately 4:30 in the afternoon, Raden D. Rowley was a passenger in an automobile when it collided with a bulldozer on Harvard avenue in Tulsa county, Oklahoma. At the time of the collision the automobile was being driven by Mrs. John McCoy. Mrs. McCoy testified, in substance, that the day was clear and there was no obstruction of her vision as she approached Harvard avenue and started traveling north; that she was one-fourth mile from a tractor with a blade in front, commonly referred to as a bulldozer, and a ditch-digging machine, and that she could see for approximately one mile down Harvard avenue; that she collided with the machine as she approached it going approximately ten miles per hour; that she thought she had cleared the machine but it was suddenly and unexpectedly driven in her path, the blade of the bulldozer striking her right front wheel.

The testimony is in irreconcilable conflict. Other witnesses testified that a ditch was being dug on the east side of Harvard avenue for the purpose of laying water pipe; that the dirt from the ditch was piled to the center line of the paved road; that the bulldozer which the automobile struck was facing south with both treads on the east side of the center line of the paving; that the blade of the bulldozer was from twelve to fourteen inches over west of the center line before the collision; that there was sufficient room for cars to pass to the left of the dirt pile and the bulldozer; that no one was operating the bulldozer but that it was stationed straddling the dirt pile; that the workmen were preparing to close up for the night and were waiting to place the last length of pipe in the ditch preparatory to filling the ditch with the use of the bulldozer so that the project would not be a hazard to traffic. A highway patrolman testified that in his opinion the automobile was

traveling at approximately 35 miles per hour when it struck the bulldozer, that it struck the blade of the bulldozer; that all of the automobile was on the pavement; that the impact turned the bulldozer a few inches west; that the driver had been drinking; other witnesses testified that the driver had been drinking. Several witnesses for defendant testified that there was a barrier approximately 140 feet south of the tractor and dirt-digging machine. Mrs. McCoy testified there was no barrier. The highway patrolman testified that there was such barrier when he arrived; that he received his report of the accident at 4:50 p. m. and arrived on the scene at 5:05 p. m.

This is in substance the testimony. The sole issue presented is that the court erred as a matter of law in submitting instructions of contributory negligence, relying upon the rule announced in Miller v. Price, 168 Okla. 452, 33 P. 2d 624, to the effect that it is error to submit an instruction on contributory negligence where there is no evidence thereof. Therein Miller, a passenger, sued Price, the owner and driver of the automobile and judgment was entered for defendant and Miller appealed. The driver of the vehicle had been proceeding in a reasonable manner but suddenly cut out of the line of traffic into the path of a vehicle approaching from the opposite direction. Miller argued it was error for the trial court to instruct on contributory negligence. There the driver was confronted with a sudden emergency.

No such fact situation is presented in the case now under consideration.

Plaintiff also cites Thrasher v. St. Louis & S. F. Ry. Co., 86 Okla. 88, 206 P. 212. Therein plaintiff was riding as a passenger with a companion when struck by defendant's train. In that case it is stated:

"In an action for damages for the alleged negligent killing of plaintiff's decedent at a public railway crossing, where the defendant railway company

pleaded the contributory negligence of the deceased, and that such contributory negligence consisted of certain acts of the deceased, it was the duty of the trial court to submit the issue of contributory negligence to the jury, as raised by the pleadings and the evidence, and the instructions to the jury ought to have reference to the circumstances of the case and be so given as to secure a fair consideration and judgment of the jury on the points in issue as raised by the pleadings and the evidence."

In Haynie v. Olson Drilling Co., 189 Okla. 527, 118 P. 2d 230, plaintiff was riding in an automobile as a passenger when it collided at an intersection with a truck. Therein the court said:

"As a second proposition for reversal, plaintiff urges that the trial court erred in giving an instruction upon contributory negligence. In the case of Miller v. Price, 168 Okla. 452, 33 P. 2d 624, we held that where a review of the evidence in the case and all inferences which way reasonably be drawn therefrom permits but one conclusion, which is that no contributory ngligence has been shown, it is error for the trial court to submit an instruction upon contributory negligence notwithstanding the provisions of section 6, article 23, of the Constitution. Okla., St. Ann. In the case of Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732, this court pointed out that a passenger or guest in an automobile must use ordinary care for his own safety, and when the exercise of such care requires that he call the attention of the driver to approaching danger, he must do so or be open to the charge of contributory negligence. See 5 Am. Jur,. Automobiles, sec. 475 et seq., and authorities therein cited.

"In the instant case it is shown that plaintiff was familiar with the highway over which the automobile was traveling immediately prior to the collision; that plaintiff knew of the intersection. We have heretofore pointed out that the evidence was conflicting as to the speed of the automobile as it approached the intersection, and that it was agreed that the pavement was slippery on account of rain. Under all the circumstances presented in the instant case there is presented a question of fact as to whether or not the driver of the automobile in which plaintiff was riding was exercising due care in approaching the intersection; therefore, is was incumbent upon the jury to determine whether or not the plaintiff was chargeable with the duty of calling the attention of the driver to the approaching danger. We conclude that the trial court did not err in submitting an instruction to the jury upon contributory negligence."

Where there is any evidence at all of contributory negligence, the issue or the defense is thus presented, and by section 6 of art. 23 of the Oklahoma Constitution, the finding of the jury on that issue is final. Midland Valley R. Co. v. Townes, 179 Okla. 136, 64 P. 2d 712, discussing Miller v. Price, supra; Dickinson v. Cole, 74 Okla. 79, 177 P. 570, affirmed by Supreme Court of the United States, in Chicago, R. I. & P. R. Co. v. Cole, Adm'r, 251 U. S. 54, 40 S. Ct. 68, 64 L. Ed. 133; Fay v. Brewer et al., 181 Okla. 554, 75 P. 2d 425.

In Blossom Heath Operating Co. v. Pipkin, 178 Okla. 617, 63 P. 2d 982, plaintiff was injured by being knocked down on the floor of a dancing hall. The trial court refused to submit the issue of contributory negligence. In reversing the case this court held that the evidence warranted the submission of this issue.

We believe the case nearest in point is Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732, wherein this court reversed a judgment for plaintiff for failure to instruct on contributory negligence. Plaintiff recovered a judgment for personal injuries which resulted when an automobile driven by her husband with whom she was riding struck two cars and a truck of the defendant Milling Company. Therein this court said:

"The negligence of the driver of a car is not imputed to his wife who is a mere passenger in the automobile he is driving, and she may to a large extent rely on his skill and experience; but she is, like any other passenger,

within the rule which requires a guest to use ordinary care for his own safety. What conduct makes a guest guilty of contributory negligence ordinarily is a question of fact to be decided by the jury under appropriate instructions.

"Where contributory negligence is made an issue, and there is any competent evidence introduced on the issue, the issue always must be submitted to the jury."

The jury would have been justified in finding Raden D. Rowley and Mrs. McCoy, the driver, were both residents of Tulsa and familiar with the road involved in the accident; that Mrs. McCoy passed the barrier at not less than 35 miles per hour and while driving at approximately such speed and attempting to pass the bulldozer while it was standing still struck the blade thereof causing the injury to plaintiff.

As to whether or not from all of the facts and circumstances Raden D. Rowley was guilty of contributory negligence was a question for the jury. The court did not err in the instruction given.

Judgment affirmed.