### In re TINKER'S ESTATE.
### TINKER et al. v. TINKER et al.

No. 12740—Opinion Filed May 15, 1923.

**1. Bastards—Presumption of Legitimacy— Who May Dispute.**

By virtue of sections 4364 and 4366, Rev. Laws 1910, children born in wedlock are presumed to be legitimate, and this presumption of legitimacy can be disputed only by the husband or wife, or the descendants of one or both of them.

**2. Same.**

Plaintiffs in error being neither the husband nor wife, nor a descendant of one or both of them, are estopped from disputing the legitimacy of a child born in wedlock.

**3. Same.**

The parents of a deceased son are not descendants within the meaning of section 4366, Rev. Laws 1910, and are estopped to dispute the legitimacy of a reputed child of their deceased son.

**4. Same—Descent and Distribution.**

Record examined, and held, the judgment of the district court is correct under the facts in the case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; J. W. Bird, Judge.

In the matter of the estate of David W. Tinker, deceased.

From a judgment of the district court affirming the judgment of the county court decreeing Edna Tinker and another to be the sole and only heirs of David W. Tinker, deceased. Lela B. Tinker and another bring error. Affirmed.

Leahy, McDonald & Files, for plaintiffs in error.

Vaughn & Shinn and Chas. B. Wilson, Jr., for defendants in error.

Opinion by PINKHAM, C. This case originated in the county court of Osage county, Oklahoma, an administrator having been appointed in the matter of the estate of David W. Tinker, deceased. By decree of the county court the defendants in error herein were declared to be the sole and only heirs of David W. Tinker, deceased. From this judgment in the county court an appeal was taken in the cause to the district court, in which the plaintiffs in error, Charles Tinker and Lela B. Tinker, were appellants, contesting and claiming an undivided one-half interest in the estate of David W. Tinker, deceased, on the theory that David W. Tinker, Jr., defendant in error, was an illegitimate child. On the 7th day of July, 1921, upon a trial de novo such district court affirmed the judgment of the county court and held that neither Lela B. Tinker nor Charles Tinker, parents of David W. Tinker, deceased, could question the legitimacy of the child, David W. Tinker, Jr. On the 12th day of February, 1923, a stipulation was filed in the Supreme Court of Oklahoma by the attorneys for plaintiffs in error and the attorneys for defendants in error, by the terms of which it was agreed:

"That this appeal shall be dismissed as to Edna Tinker, the said plaintiffs in error, conceding the judgment and decree rendered in the district court of Osage county, on the 8th day of July, 1921, adjudging and decreeing that Edna Tinker was the wife of the said decedent, David W. Tinker, at the time of his death and distributing to her an undivided one-half interest of the estate of David W. Tinker, deceased."

On the 13th day of February, 1923, the appeal as to the defendant in error Edna Tinker was dismissed by the Supreme Court, and remanded back to the district court of Osage county, and the appeal is now pending as to David W. Tinker, Jr., only. The trial court found from the evidence that on the 19th day of March, 1919, David W. Tinker, deceased, was of the age of 18 years, one month and five days, and that Edna Tinker was of the age of 15 years. That on the day aforesaid, upon a license that was duly issued by the court

clerk of Osage county, Oklahoma, county court division, such license being issued upon the application of David W. Tinker, deceased; that said Edna Tinker and David W. Tinker, deceased, were by a minister of the gospel duly and legally married, and that in the matter of the issuance of said license and performance of said marriage and the return thereof, that the same was in all respects according to law. The court further found that such license was issued without the consent of either of the parents of David W. Tinker, deceased, but that the mother of Edna Tinker, then Edna Sands, gave her written consent to the said marriage. The court further found that on the 23rd day of March, 1919, and while said marriage relation still existed between the said David W. Tinker and Edna Tinker, that the said David W. Tinker died intestate, and that at the time of his death Edna Tinker was his lawful wife. The court further found that on the 9th day of November, 1919, there was born to Edna Tinker, a son, which was named David W. Tinker, Jr. That both the said Edna Tinker and David W. Tinker, Jr., are still living. And the court finds from the evidence that the said child so born, is the child of the said David W. Tinker, deceased, and the said Edna Tinker, widow, and David W. Tinker, Jr., son, are the legal, lawful and only heirs of the said David W. Tinker, deceased. In its conclusions the court held:

"That Edna Tinker, the wife of said deceased, David W. Tinker, and that David W. Tinker, Jr., as the son of the said David W. Tinker, deceased, are the sole and only heirs of the said David W. Tinker, deceased, and they are entitled to inherit each a one-half interest in and to the entire estate possessed and owned by the said David W. Tinker, at the time of his death."

To all of the findings of fact and conclusions of law and to all of the judgment of the court, the said Lela B. Tinker and Charles Tinker excepted, and exceptions were allowed. Motion for new trial having been filed the same was by the court overruled and disallowed, to which ruling of the court Lela B. Tinker and Charles Tinker except, which exception was by the court allowed. Thereupon, Lela B. Tinker and Charles Tinker gave notice in open court of their intention to appeal said cause to the Supreme Court of the state of Oklahoma.

There is no dispute as to the marriage of David W. Tinker, deceased, and Edna Tinker on the 19th day of March, 1919; or

of the death of deceased on the 23rd day of March, 1919; or of the birth of the defendant in error on the 9th day of November, 1919.

There is evidence in the record that the said Edna Tinker first met the deceased in the summer of 1918. That she corresponded with him during his absence in the army, and was with him when he came back about the 12th day of March, 1919, and as before stated, they were married on the 19th day of March, 1919.

During the trial of the cause in the district court, the court refused to permit the parents of David W. Tinker, deceased, to dispute the presumption of the legitimacy of the said David W. Tinker, Jr., and this ruling of the court raises the only question of importance in the case, and as we think, the only question necessary to be considered. There is evidence in the record that the child in question, David W. Tinker, Jr., was prematurely born, and was a seven or seven and a half months child. A number of physicians and nurses who were present at, and immediately after the birth, so testified, and this evidence is not disputed by any witness.

The specifications of error are:

"(1) The court erred in sustaining the motion of the defendants in error to the introduction of testimony on behalf of the plaintiffs in error, which motion was duly excepted to.

"(2) The court erred in rendering judgment in said cause in favor of the defendants in error, therein adjudging that the defendants in error were the sole and only heirs of said David W. Tinker, deceased, and distributing said estate to the said defendants in error.

"(3) The said court erred in the findings of fact and conclusions of law, found and made in said cause, and rendering the judgment in said cause in favor of the defendants in error.

"(4) The court erred in admitting evidence on the part of the defendants in error, over the objections of the plaintiffs in error."

The only complaint made and discussed, however, in the brief of plaintiffs in error is the refusal of the court to permit the plaintiffs in error to dispute the legitimacy of the defendant in error.

Plaintiffs in error say in their brief:

"The district court held that neither Lela B. Tinker nor Charles Tinker, parents of the deceased, could question the legitimacy of the child, and affirm the county

court's judgment. The only question is the construction of section 8624, Comp. Stats. 1921.

The theory of plaintiffs in error is that the parents of the deceased are "descendants" within the meaning of the statute (section 8024, Comp. Stats. 1921; section 4366, Rev. Laws 1910).

Briefly stated the contention of plaintiffs in error is: That the word "descendants" is a much broader term than the word "issue," and if the legislators had intended that the legitimacy of a child could only be questioned or disputed by the husband or wife, or issue of one or both of them, they would have used the word "issue," not the word "descendant." That under the statute the word "descendant" means the person or persons who would receive the estate by descent from David W. Tinker.

The important and controlling question in this case is whether or not the court erred in refusing to allow the parents of the deceased to dispute the legitimacy of the child, the defendant in error. The answer to this question depends upon the construction of the statute above quoted. No authorities are submitted in the brief of plaintiffs in error in support of their contention, and we are unable to find any. This statute (4366, Rev. Laws 1910) was construed by the Supreme Court in the case of In re Peacock's Will, Miller v. Tyndall, 88 Okla. 237, 21 Pac. 989, in which it said:

1. "By virtue of sections 4364 and 4366, Rev. Laws 1910, children born in wedlock are presumed to be legitimate, and this presumption of legitimacy can be disputed only by the husband or wife or descendants of one or both of them.

2. "Plaintiff in error, not being the husband or wife, or the descendant of one or both of them, is estopped from disputing the legitimacy of a deceased child born in wedlock."

In the body of the opinion it is said:

"The first question for consideration is: Can the collateral heirs dispute the presumption that a child born in wedlock is legitimate? The statute says not. The state of California has a statute identical with section 4366, and, the Supreme Court of that state in the case of Ex parte Madalina, 174 Cal. 693, 164 Pac. 348, 1 A. L. R. 1629, held that under and by virtue of the above sections of the statute no one could question the legitimacy of a child, except the persons designated in the statute, and stated as follows:

"Section 195 of the Civil Code * * * declares that the presumption of the legit-

imacy of a child born in wedlock can only be raised by the husband or wife, or the descendants of one or both of them. This is the declared policy of this state and is simply the adoption of a rule prevailing generally in all civilized communities."

And again the court stated:

"Public policy and common decency are opposed to the bastardizing of children born in wedlock against the wishes and perhaps against the protest of their putative parents. If neither the husband nor wife to any existing marriage desires to raise any question of the legitimacy of a child born during its existence, the best wishes, interests, and welfare of society will be promoted if the state likewise declines to intervene in raising that question."

We are unable to agree with the contention of the plaintiffs in error that the word "descendant," within the meaning of section 4366, Rev Laws 1910 (8024, Comp. Stats. 1921), includes the plaintiffs in error, parents of the deceased. The word "descendant" has been, we think, invariably construed to mean the exact opposite of the meaning given it by the plaintiffs in error.

In the case of Weehaukin Ferry Co. v. Sission, 17 N. J. Eq. 475, it is said:

"The word 'issue,' * * * when not restrained by the context is co-extensive and synonymous with 'descendant.'"

In Waldron v. Taylor, 52 W. Va. 284, it is said:

"The term 'descendant' includes the most remote lineal offspring, and is practically synonymous with 'issue' in its legal meaning, hence it excludes collateral relations, nor does it include relations in the ascending line."

In 9 Am. & Eng. Ency. of Law (2d Ed.) 399, "descendant" is defined as follows:

"A person who is descended from another. Any one who proceeds from the body of another, however remotely, is a descendant of the latter. * * * thus the term does not include collateral relations nor ancestors." (Baker v. Baker, 8 Gray [Mass.] 101); Bates v. Gillett, 132 Ill. 287; Mitchell v. Thorne, 134 N. Y. 540; Techenor v. Brewer, 98 Ky. 349; Bryan v. Walton, 20 Ga. 512; Jewell v. Jewell, 28 Cal. 236.)

"Descendant" is defined in 18 Corpus Juris, p. 792, as follows:

"Descendant. The word has reference to genealogy, or the succession of persons in the family relation, and has no necessary connection with the laws of inheritance. The term is defined as: A person who is descended from another, that is, who proceeds from the body of another, however remotely, an individual proceeding from an

ancestor in any degree; issue; issue of any degree; a person who has issued from an individual, including children, grandchildren, and their children to the remotest degree."

In the case of Bates v. Gillett, 132 Ill. 287, it is said:

"A descendant is a person who is descended from another—that is, one who proceeds from the body of another. The word is the converse or opposite of 'ascendant.' (Amer. Eng. Ency. of Law, 2 Ed.) title 'descendants.' Descendants include every person descended from the stock referred to. It is co-extensive with 'issue,' but does not embrace others not of issue. It is not to be understood as meaning 'next of kin,' for these phrases comprehend persons in the ascending as well as the descending line, and may also include collaterals, but it does mean the issue of the persons named of every degree, such as children, grandchildren and all others in the direct descending line." Hamlin v. Good, 2 Bradf. 403.

In Jewell v. Jewell, 28 Cal. 236, it is said:

"Bouvier defines descendants as those who have issued from an individual (including) his children, grandchildren and their children to the remotest degree, the descendants from what is called the direct descending line. The term is opposite to that of ascending.' "

Section 4366, Rev. Laws 1910, reads in connection with section 4364, which provides that:

"Section 4364. Legitimacy presumed. All children born in wedlock are presumed to be legitimate," and,

Section 4365, which provides that:

"Section 4365. Children born after divorce or before wedlock. All children of a woman who has been married, born within ten months after the dissolution of the marriage are presumed to be legitimate children of that marriage."

These sections we quote have, we think, no necessary connection with the laws of inheritance. They relate to the status of children born in wedlock, and evidence the intent and purpose of the law-making power to protect and safeguard the name and fame of such children, so far as possible, from any attempt to question their legitimacy, and to this end section 4366 prohibits all persons, except those designated therein, from raising that question.

We are of the opinion that the parents of the deceased, Charles Tinker and Lela B. Tinker, plaintiffs in error, are not "descendants" within the meaning of section 4366,

Rev. Laws 1910, and that it was not error for the court to refuse to permit them, or either of them, to dispute the legitimacy of the defendant in error.

2. It appears from the record and from the plaintiffs in error's brief that the only complaint is the refusal of the court to allow the plaintiff in error, Charles Tinker, to answer questions propounded by counsel for plaintiffs in error, and upon this being done counsel for plaintiffs in error stated the purpose of the testimony to be, to show that this child was illegitimate.

Counsel for defendants in error objected and the court made his ruling, but no evidence was tendered, nor was there an averment made as to what the witness, Charles Tinker, or any witness would testify, and without an offer of the testimony intended to be introduced in the trial court, the Supreme Court has held that it will not review the actions of the trial court.

In the case of Eves Tallchief v. Aaron, 87 Okla. 230, 209 Pac. 915, it is said:

"This court will not consider any assignment of error predicated upon the exclusion of evidence, where the record fails to disclose what such evidence would have been, if admitted."

And the court in passing upon this assignment, in the body of the opinion says:

"The defendant failed to aver what he expected to prove by this witness and under the rule announced by the court in the cases of Ford v. Perry, 66 Okla. 150, 168 Pac. 221, and White v. State, 50 Okla. 97, 150 Pac. 716, the error, if any, was waived."

The evidence in the record is sufficient to support the judgment of the trial court, and should be affirmed.

By the Court: It is so ordered.