In the Matter of the Estate of ROBERT O. COLT, Deceased.

Surrogate's Court, Suffolk County, February 28, 1935.

*Cadwalader, Wickersham & Taft,* for the petitioner.

*John S. Wise, Jr.,* for the respondent.

PELLETREAU, S.   Robert O. Colt died about December 15, 1885. His will was probated in this court January 6, 1886.   At the time of his death Amy Colt Wagstaff was living and had two children, Mary Wagstaff, born November 7, 1882, and Oliver Colt Wagstaff, born January 24, 1885.   Both of the latter are still living.

The second paragraph of the will of Robert O. Colt reads as follows:

" *Second.*   I give, devise and bequeath all the rest, residue and remainder of my property and estate, both real and personal, whatsoever and wheresoever, situated, to my friend Frederick D. Tappen, of the City of New York — now the President of the Gallatin National Bank in the said City — and to my daughter Addie

Colt, and to the survivor of them and his or her successor, upon trust, to divide the same into four equal parts or shares, and to hold one share for the benefit of each of my four children Robert O. Colt, Junior, Charles Craig Colt, the said Addie Colt and Amy C., the wife of Cornelius DuBois Wagstaff, upon the following trusts and to and for the following uses and purposes and with the following powers in respect to each of the said four shares — that is to say: to collect and receive the rents, issues and profits or other periodical income of each of the said shares, and apply the same to the use of that one of my said children for whose benefit the said share shall be held, during his or her (as the case may be) natural life, and *upon his or her death, to divide, distribute, pay over and convey such share to and among the children or other lawful issue of the child of mine so dying in such shares, proportions and estates as he or she may, by his or her last will and testament or instrument of appointment in the nature thereof, direct, limit and appoint;* and in default of such last will, and testament or instrument of appointment, then to and among such children or other issue, absolutely and in fee, *per stirpes* and not *per capita.*"

Amy Colt Wagstaff, life beneficiary of the trust of one-fourth of the residuary estate which is involved in this accounting, died April 8, 1934, leaving a will probated in New York county surrogate's office April 24, 1934, the second paragraph of which reads as follows:

" *Second.* All of my property of whatsoever kind and nature and wheresoever situated and located, of which I may die possessed or be entitled to, *together with all moneys or properties over which I have power of appointment or disposition,* I give, devise and bequeath unto the Bank of New York and Trust Company, of 48 Wall Street, New York City, in trust nevertheless, to the following uses and purposes, to wit:

" To divide the same in two equal parts, and to hold one share, to collect the income, increment and profit thereon and therefrom arising and to pay over the same as it accrues to my daughter Mary Wagstaff during her life, and upon her death to pay over the remainder or principal thereof to such person or persons as she by her last will and testament or other instrument of appointment in the nature thereof may direct, limit and appoint, and in default of such last will and testament or instrument of appointment then to pay over the same to my son Oliver Colt Wagstaff, as and for his own forever, if living, or if he be dead, to any children of my said son him surviving.

" The other share of my estate, my said Trustee shall hold, invest and reinvest and pay over the income, increment and profit thereon and therefrom arising as it accrues unto my son Oliver Colt Wag-

staff during his life, and upon his death pay over the principal and remainder thereof to such person or persons as he by his last will and testament or other instrument of appointment in the nature thereof may direct, limit or appoint, and upon default of any such will or instrument of appointment by my said son, to pay over the same to any issue of my said son him surviving, or, if there be none, unto my daughter Mary Wagstaff, if living."

The respondents, Mary Wagstaff and Oliver Colt Wagstaff, claim that the full title to the corpus of the property held by petitioner, Bank of New York and Trust Company, in trust for the deceased life beneficiary, Amy Colt Wagstaff, vested in them upon the death of the life beneficiary, and the attempt of the life beneficiary, Amy Colt Wagstaff, by her will, to bequeath such corpus in trust for these respondents for their lives is void.

Upon the death of Mrs. Wagstaff, the trustees, under her father's will, were directed " to divide, distribute, pay over and convey such share to and among the children or other lawful issue of the child of mine so dying in such shares, proportions and estates as he or she may, by his or her last will and testament or instrument of appointment in the nature thereof, direct, limit and appoint." That grant to Mrs. Wagstaff was a power. The benefits were limited to her children in such " shares, proportions and estates " as she by her will might direct, limit and appoint. I think that Robert O. Colt, by the above language, meant to give broad powers to his daughter when he used the words " shares, proportions and *estates*, as he or she *might direct, limit* and *appoint*," and that Mrs. Wagstaff was fully within, and had not exceeded her power under her father's will. Under the above wording, I think she had power to make an unequal division between her children, had she thought it best so to do. I also am of the opinion that, in the creation of secondary trusts, Mrs. Wagstaff, by her will, under the power of appointment of her father's will, made a valid exercise of such power of appointment. The generally accepted construction and natural meaning of the words used by Robert O. Colt creating the power clearly so indicate.

The will shows that there are two trusts — one for the son, which terminates on his death, and is, therefore, measured by the lives of Mrs. Wagstaff and her son; the other for the life of the daughter, which terminates upon her death, and is limited upon the lives of the mother and the daughter. There is no violation of the rule as to perpetuities.

Decreed accordingly.