The controversy which gave rise to this proceeding stems from a disagreement between the state tax commissioner and the county court of Nelson county in this state as to whether certain deductions should or should not be made in determining the net value of the estate of the decedent, Margaret S. Lamb.
The material and undisputed facts are as follows:
Margaret S. Lamb, a resident of Nelson county in this state died testate, leaving surviving her, four children and sixteen grandchildren. All the grandchildren were the children of the four children of said decedent, who survived her. The decedent by her will gave and bequeathed $1,000 to each of her sixteen grandchildren. The will was admitted to probate in the county court of Nelson county, and that court ruled that the $16,000 bequeathed to the grandchildren should be deducted from the value of the gross estate in fixing the value of the net estate, for computation of the estate tax. The state tax commissioner disapproved of the deduction so allowed by the county court. The matter thus in dispute was brought before the district court on appeal, and that court held that the $16,000 bequeathed to the grandchildren was properly deductible in fixing the value of the net estate, subject to estate tax, and that consequently the ruling of the county court was correct.
The state tax commissioner has appealed from the decision of the district court.
The statutory provisions involved read as follows:
"For the purpose of this Act the value of the net estate shall be determined by deducting from the value of the gross estate;
(a) An exemption, not exceeding the amount specified in each case, of the value of property passing to each of the following beneficiaries: *Page 46 
1. Wife, not exceeding $20,000.
2. Husband, not exceeding $20,000.
3. Lineal ancestor or descendant, adopted child, step child, or lineal descendant of an adopted child or step child, not exceeding $2,000 and if a minor, not exceeding $5,000." Laws 1933, chap. 251, § 2.
It is the contention of the state tax commissioner that inasmuch as the parents of the grandchildren were and are living, such grandchildren are not "descendants" of the decedent; that the term "descendant" does not apply to or include children of a parent who is still living.
The legislature has said that "words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." Comp. Laws 1913, § 7278.
The ordinary, natural meaning of the noun "descendant" is lineal issue; "a person who proceeds from the body of another, as a child, grandchild, etc." 26 CJS p. 984; Black's Law Dictionary, 2d ed; Re Comey, 173 Misc. 377, 17 N.Y.S.2d pp. 949, 952; Marsh's Estate, 143 Misc. 609, 257 N.Y.S pp. 514, 523. "The word `descendants' has reference to genealogy, or the succession of persons in the family relation, and has no necessary connection with the laws of inheritance." Van Beuren v. Dash, 30 N.Y. 393, 422; Re Tinker, 91 Okla. 21, 23, 215 P. 779, 782; 26 CJS p. 984. According to its strict lexicographical and legal meaning in the law of descent, the term "descendant" connotes the lineal issue of a deceased person; but in a popular sense the term is used to designate as well the lineal issue of a living person. The term is at times used in wills or statutes in its popular sense, and at other times in its strict or lexicographical sense. When used in a will, the term must be given the meaning the testator intended to convey, and when used in a statute it must be given the meaning the legislature intended it to have.
The term "descendant" is a correlative of the term "ancestor." Hillen v. Iselin, 144 N.Y. 365, 39 N.E. 368, 371; Mitchell v. Thorne,134 N.Y. 536, 32 N.E. 10, 12. The term "ancestor," also, has a popular meaning, and another somewhat technical meaning. 3 CJS p. 1063; Century Dictionary. In the same sense that a living person cannot *Page 47 
have descendants, a person cannot have living ancestors. Hillen v. Iselin, supra.
The statute in question here provides that in ascertaining and determining the value of the net estate of a decedent there shall be deducted from the value of the gross estate the value of property passing to a "lineal ancestor or descendant . . . not exceeding $2,000 and if a minor, not exceeding $5,000." Manifestly, the term "ancestor" was employed here in its popular sense. It was intended to apply to and include a living person from whom the "decedent" had descended in the line of either father or mother (Century Dictionary) as, of course, property could not pass to a deceased person. It seems quite clear that the legislature, also, used the term "descendant" in the same sense — namely, in the popular sense and intended it to be applicable as well to the lineal issue of living persons as to the lineal issue of deceased persons. The term "descendant" has been employed in other laws in this State in the same sense. Thus, § 5753, Comp. Laws 1913, provides: "Any estate, real or personal, given by the decedent in his lifetime as an advancement to any child or other lineal descendant is a part of the estate of the decedent for the purposes of division and distribution thereof among his issue and must be taken by such child or other lineal descendant toward his share of the estate of the decedent."
And § 5757, Comp. Laws 1913, provides: "If any child or other lineal descendant receiving advancement dies before the decedent, leaving issue, the advancement must be taken into consideration in the division and distribution of the estate and the amount thereof must be allowed accordingly by the representatives of the heirs receiving the advancement in like manner as if the advancement had been made directly to them."
Obviously the term "lineal descendant" in these two sections is used in a popular sense and applies to and includes the child or issue of a living person. We are of the opinion that when the lawmakers, in the statute in question here, spoke of a "lineal descendant" they had in mind the family or blood relationship that existed between the decedent and the person to whom the property passes as a beneficiary, and intended that the statute should apply as well to the lineal issue of persons then living as to the lineal issue of deceased persons. *Page 48 
The decision of the district court was correct. It must be, and it is, affirmed.
BURR, Ch. J., and MORRIS, BURKE, and NUESSLE, JJ., concur.