In the Matter of the Accounting of LINCOLN ROCHESTER TRUST COMPANY et al., as Trustees under the Will of THOMAS W. FINUCANE, Deceased.

Surrogate's Court, Monroe County, October 1, 1948.

*Grantier Neville* for trustees, petitioners.

· *Carroll M. Roberts,* special guardian for infant remaindermen and others, respondents.

· WITMER, S. Upon this accounting proceeding in the trust created under the will of Thomas W. Finucane, the life beneficiaries of the trust created through the exercise of the power of appointment granted to the donee, John J. Finucane, have not appeared, but the attorney for petitioners is the husband of one of them, and with the consent of petitioners has asked the court to determine the validity of such exercise of the power of appointment by John J. Finucane.

Thomas W. Finucane provided in his will (paragraph sixth [b]) that one fourth of the remainder of his estate, amounting to about $250,000, be held in trust for his son, John J. Finucane, for life, '' and after his death I direct my said trustees to distribute the share thus set apart for him to his children and descendants and in such manner and in such proportions as my said son may direct and appoint by his last Will and Testament.

'' If my son, John J. Finucane, shall fail to dispose by will of all or any part of the said trust estate set apart for his use, or in the event that he shall have predeceased me, I direct my said trustees to pay over the principal of said trust estate and the accumulated income to his children and the issue living of every child who shall have died leaving issue, equally, share and share alike, *per stirpes* and not *per capita.*''

Thomas W. Finucane died in 1934. John J. Finucane died in 1947, leaving a will in which (paragraph second) he expressly referred to the trust created for him by his father and his power of appointment and said: '' Now I hereby * * * intend to execute the said power of appointment * * *.'' He then appointed the remainder to his trustees to divide into five equal shares and hold the same respectively for his five children for life (hereinafter referred to as the life beneficiaries), and upon the death of a child to distribute the share he so set apart for such child '' to his or her children and descendants ''. Petitioners were also named as executors and trustees of John J. Finucane's will. In their capacity as trustees under the will

of Thomas W. Finucane they have paid to themselves as trustees under the will of John J. Finucane, the greater part of the remainder of the trust fund held for the use of John J. Finucane.

In behalf of the position of the life tenants it is stated that the will of Thomas W. Finucane created only a limited power of appointment in John J. Finucane, the donee thereof; that the exercise of said power is controlled by the decision in *Matter of Kennedy* (279 N. Y. 255); that therefore the donee had no power to appoint the remainder in trust; and that accordingly the attempted execution of the power was invalid and the alternative provisions in the will of Thomas W. Finucane for the distribution of such remainder are operative and said five children of John J. Finucane take the remainder equally in fee. The argument is that one cannot have " descendants " until he has died; that under the holding in *Matter of Kennedy* (*supra*) the appointive class closed upon the death of the donee, John J. Finucane; that since his five children survived him, there were no " descendants " of said children in existence to be the proper objects of the execution of the power; and that since, in their view, the exercise of the power was therefore partially faulty, it must fail completely.

It is readily acknowledged that a general power of appointment may be exercised by appointment in trust, and it is stated that in virtually every case where such appointment has been upheld a general power was involved. It is asserted that the power herein is limited, as in the case of *Matter of Kennedy* (*supra*) and that in no case where there is a limited power of appointment can the appointment be validly exercised by appointment in trust.

It may be true that under a simple power to appoint to or among the members of a class, a valid appointment in trust cannot be made (see 1 Scott on Trusts, § 17.2). But I can see no magic difference between a general and special power of appointment as urged in behalf of the life tenants. As stated in *Matter of Kennedy* (*supra*) and emphasized in *Matter of Hart* (262 App. Div. 190, appeal dismissed 289 N. Y. 646) the intention of the donor is controlling. Here the donor gave to the donee power to appoint " to his children and descendants and in such manner and in such proportions " as the donee wished. Unless the meaning of the words " descendants " and " in such manner " are to be circumscribed, the execution of the power has been made in accordance with the authority granted. As was said in *Matter of Jackson* (175 Misc. 882, 887,

affd. 262 App. Div. 997, motion for leave to appeal denied 263 App. Div. 707, motion for leave to appeal denied 287 N. Y. 854): " Every person who is named a beneficiary of an interest in the appointed property is within the group of appointees permitted under the power."

The word " descendants " must be construed as intended by the donor. In the alternative provision in his will it appears that he knew how to express in other words the technical limitation of the meaning of " descendants " urged by the life tenants. He there said: " to his children and the issue living of every child who shall have died leaving issue ". If he meant to limit the meaning of the word " descendants " as used in the previous provision, it appears that the donor would have employed appropriate language therefor. The term " descendants " is often used as the equivalent of " issue " or " lineal issue ". (*Matter of Comey,* 173 Misc. 377, 379; *Matter of Walbridge,* 192 Misc. 746, 749.) The donor here intended to give his donee full power to appoint to the latter's children and their issue. (*Hillen* v. *Iselin,* 144 N. Y. 365, 374 *et seq.*; *Matter of Comey, supra.*)

The words " in such manner " mean virtually nothing unless they are deemed to authorize the donee to place some restrictions upon the appointment. Scott on Trusts (Vol. 1, § 17.2, p. 138) says: " If, on the other hand, he is empowered to appoint among members of the class in such form or manner as he may determine, he can properly appoint to trustees for one or more members of the class." This seems to be in accord with the established law of this State. (*Hillen* v. *Iselin, supra*; *Matter of Cooksey,* 182 N. Y. 92; *Matter of Carroll,* 274 N. Y. 288, 294, 302–303; *Maitland* v. *Baldwin,* 70 Hun 267, general power " in such manner and form "; *Matter of Hart,* 262 App. Div. 190, *supra*; *Matter of Jackson,* 175 Misc. 882, affd. 262 App. Div. 997, motion for leave to appeal denied 263 App. Div. 707, motion for leave to appeal denied 287 N. Y. 854, *supra*; *Matter of Comey,* 173 Misc. 377, *supra*; *Matter of Colt,* 154 Misc. 843; and see 3 Restatement, Property, §§ 358, 359; 1 Restatement, Trusts, § 17, comments d, e, pp. 66–67.) It is held, therefore, that the donee properly exercised his power of appointment.

The question of the disposition of $940.34 of income has also been raised. The donee appointed the corpus of the trust and any increase " together with any accumulated income " to his trustees in trust for his five children, etc. The reference to accumulated income was made only with respect to the assets

of the trust subject to appointment, and may not be construed as a gift of such income insofar as title to it had vested in the primary life beneficiary, the donee of the power.

Accumulation of income for an adult is illegal, and the reference to accumulated income is ineffective to create a legal accumulation (*Curtis* v. *Curtis,* 185 App. Div. 391). It does not appear how much, if any, of this income was due and payable to the trustees at the death of the primary life beneficiary. Clearly, all of such income belongs to and is payable to the estate of John J. Finucane (*Matter of Keogh,* 112 App. Div. 414, 418, affd. 186 N. Y. 544). In the absence of a testamentary provision herein against an apportionment of the remaining income, to wit, that accrued but not due, it must be apportioned (Surrogate's Ct. Act, § 204). The words " together with any accumulated income " are insufficient to nullify the provisions of the statute (*Matter of Watson,* 144 Misc. 213, affd. as to this point 237 App. Div. 625, and 262 N. Y. 284, 300). The account should be amended to show the exact status of such income, and any of it which was not due at the date of death of the primary life tenant should be apportioned.

Submit decree accordingly.