DAVID V.R., Appellant,

v.

WANDA J.D., Defendant,

and

Jimmie R.D., Appellees.

No. 80280.

Supreme Court of Oklahoma.

Oct. 17, 1995.

As Corrected Oct. 31, 1995.

**1026**

Tim K. Baker, Baker and Baker, Tahlequah, for Appellant.

Rex Earl Starr, Stilwell, for Defendant Wanda J.D.

Sherri Thompson McAllister, Harris, McMahan & Peters, P.C., Tulsa, for Appellee Jimmie R.D.

HARGRAVE, Justice.

Certiorari to Court of Appeals, Tulsa Division II, to review a published opinion of the Court of Appeals that is in conflict with an opinion of the Court of Appeals, Division I. The issue, on summary judgment, is whether a putative father may pursue a paternity action over a child born within wedlock of another couple after more than two years of the date of birth has passed.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

Wanda and Jimmie were married on March 25, 1971. During the marriage three children were born. The youngest child, Jesse, was born on December 14, 1988. Wanda and Jimmie were divorced on November 19, 1990 and paternity of the child was not disputed prior to or during the divorce proceedings. The divorce decree recognized Jimmie as the father of the three children, and ordered him to pay child support. David filed an action to determine paternity of Jesse on May 20, 1992, three and one half years after Jesse's birth. The petition claimed the child was the result of an extramarital affair between David and Wanda, and he wanted to establish himself as the child's natural father and to be determined by the court as the child's legal parent.

The trial court granted summary judgment to Jimmie, concluding there was an irrebuttable presumption of Jimmie's paternity of the child under 10 O.S.1991, § 3 as the child was born during the marriage. The trial court further concluded that David was barred by the two year statute of limitations in paternity actions found at 10 O.S.1991, § 3. David appealed this judgment to the Court of Appeals on the grounds that the irrebuttable presumption of paternity under Title 10 O.S. 1991, § 3 generally denied him due process, and that the two year statute of limitation should be tolled as he was deprived of knowledge of child's parentage until after the limitation period had elapsed.

The court on appeal reversed the trial court's decision reasoning that the decision deprived David of due process by applying the presumption of legitimacy to completely foreclose David of rights as a putative father. The Court of Appeals held that the presumption of legitimacy established by Title 10 O.S.1991, § 3 was qualified by 10 O.S.1991, § 70, which bestows standing on a number of individuals and institutions to challenge the paternity of a child. Furthermore, the Court of Appeals relied on decisions from Arizona, California, Kansas, Utah, and Washington to establish the putative father's standing to assert his own paternity.

In the case at bar, Wanda and Jimmie were married on March 25, 1971. During the marriage three children were born. The youngest child, Jesse, was born on December 14, 1988. Wanda and Jimmie were Divorced on November 19, 1990 and paternity of the child was not disputed. The divorce decree recognized Jimmie as the father of the three children, and ordered him to pay child support. David filed an action to determine paternity of Jesse on May 20, 1992, three and one half years after Jesse's birth. David claimed the child was the result of an extra-marital affair between him and Wanda, and he wanted to establish himself as the child's natural father and to be determined by the court as the child's legal parent. David argues that the irrebuttable presumption of paternity under Title 10 O.S.1991, § 3 denies him due process, and that the two year statute of limitation should be tolled as he was deprived of knowledge of child's parentage until after the limitation period had

elapsed. We find that David is barred by Statute to contest the paternity of Jesse.

Title 10 O.S.1991, § 1 reads:

All children born during wedlock are presumed to be legitimate.

Furthermore, 10 O.S.1991, § 3 reads:

The presumption of legitimacy can be disputed *only* by the *husband* or *wife* or the descendent of one or both of them. Illegitimacy in such a case may be proved like any other fact. Provided that if the child is born during the course of the marriage and is reared by the husband and wife as a member of their family without disputing the child's legitimacy for a period of at least two years, *the presumption cannot be disputed by anyone.*

(emphasis added).

In the present case all of the statutory criteria have been met to bar David from disputing the paternity of the child. The child was born during marriage of Jimmie and Wanda. During the child's first two years of life the child was reared by the husband and wife as a member of their family and paternity was disputed by neither Jimmie nor Wanda. Hence, David is barred by the plain language of 10 O.S.1991, § 3 to dispute the presumption of legitimacy.[1]

■ David also claims that the statutory bar to his ability to assert paternity deprives him of due process. However, in a plurality opinion of the United States Supreme Court, the court held that a similar California statute did not violate a putative father's procedural or substantive due process rights as the statute was supported by California's substantive policy of excluding inquiries into a child's paternity that would be destructive of family integration and privacy.

In *Michael H. v. Gerald D.*, 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989), the Supreme Court was faced with an analogous fact pattern. In that case, during the marriage of husband and wife, wife had an adulterous affair. Wife conceived during the period of the affair. Wife informed husband of the possibility of the child's parentage, but husband at all times held the child out to be his own. Husband was listed on the birth certificate as the father of the child. The man with whom wife was having adulterous affair moved for limited visitation rights, which were granted by the trial court. Husband moved for summary judgment on the grounds that under Cal.Evid.Code Ann. § 621 there were no triable issues of fact as to the child's paternity. That law provided that the "issue of a wife cohabitating with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage." Cal.Evid.Code Ann. § 621(a) (West.Supp.1989). The presumption may be rebutted by the blood tests, but only if a motion for such tests is made, within two years from the date of the child's birth, either by the husband or, if the natural father has filed an affidavit acknowledging paternity, by the wife. §§ 621(c) and (d).

Justice Scalia, announcing the judgment of the Court, opined that the California law made no provision for dual fatherhood. By seeking visitation of the child the putative father was in essence wishing to be declared the child's father. 491 U.S. at 118, 109 S.Ct. at 2339. Addressing the procedural due process claim the Court reasoned:

... "irrebuttable presumption" cases must ultimately be analyzed as calling into question not the adequacy of procedures but ... the fit between the classification and the policy that the classification serves.

---

1. The Oklahoma Supreme Court has expressed the intent of an earlier version of this statute in *In re Peacock's Will*, 88 Okl. 237, 212 P. 989, 990 (1923). This Court quoted from a California case as follows:

Public policy and common decency are opposed to the bastardizing of children born in wedlock against the wishes and perhaps against the protest of their putative parents. If

neither the husband nor the wife to an existing marriage desires to raise any question of the legitimacy of a child born during its existence, the best interests and welfare of society will be promoted if the state likewise declines to intervene in raising that question ... *Ex parte Madalina*, 174 Cal. 693, 164 P. 348 [(1917)]. See also, *In re Tinker's Estate*, 91 Okl. 21, 215 P. 779, 781 (1923).

491 U.S. at 121, 109 S.Ct. at 2340. The Court stated:

> Of course the conclusive presumption not only expresses the State's substantive policy but also furthers it, excluding inquiries into the child's paternity that would be destructive of family integrity and privacy.[2]

491 U.S. at 120, 109 S.Ct. at 2340.

The U.S. Supreme Court rejected the putative father's procedural due process claim as the policy served by the statute, namely protecting the family privacy and integrity from destruction by the exclusion of paternity inquiries overrode the adequacy of procedures.

The Court next addressed the putative father's substantive due process claim. The Court held:

> Thus, the legal issue in the present case reduces to whether the relationship between person in the situation of Michael [putative father] and Victoria [daughter] has been treated as a protected family unit under the historic practices of our society, or whether on any other basis it has been accorded special protection. We think it impossible to find that it has. In fact, quite to the contrary, our traditions have protected the marital family ... against the sort of claim Michael asserts.

491 U.S. at 124, 109 S.Ct. at 2342. The Court additionally stated:

> It is a question of legislative policy and not constitutional law whether California will allow the presumed parenthood of a couple

desiring to retain a child conceived within and born into their marriage to be rebutted.

491 U.S. at 129–130, 109 S.Ct. at 2345. The plurality of the United States Supreme Court held that the right to prove paternity is not a constitutionally protected interest, but rather is a legislative question to be determined by each state.

 The Oklahoma State Legislature has established a presumption covering the facts in the case at bar.[3] David is barred by this Statute from rebutting the paternity of Jesse. Furthermore, Oklahoma Statutes do not provide for tolling of the statue of limitations under the present fact pattern. David was on notice from the moment he engaged in an adulterous affair with Wanda that a child could be conceived by their sexual relationship. Furthermore, Title 10 O.S.1991, § 70, does not qualify the marital presumption. The provisions of that statute apply when a child is born out of wedlock as the marital presumption will preclude any action under § 70[4] unless one or both of the parents are successful at rebutting the presumption of legitimacy. That is not the issue in the case at bar.

The legitimacy of Jesse has not been rebutted by his mother or father. The statute of limitations has run. David is expressly barred from instituting a paternity action. David's due process claim is meritless. Therefore, trial court's granting of summary judgment was proper.

---

**2.** The Court quoted the California Court of Appeals:

The conclusive presumption is actually a substantive rule of law based upon a determination by the Legislature as a matter of overriding social policy, given a certain relationship between the husband and wife, the husband is to be held responsible for the child and that the integrity of the family unit should not be impugned. 191 Cal.App.3d [995] at 1005, 236 Cal.Rptr. [810], at 816 [(1987)], quoting *Vincent B. v. Joan R.*, 126 Cal.App.3d [619] at 623, 179 Cal.Rptr. [9], at 10 [(1981)]. 491 U.S. at 119–120, 109 S.Ct. at 2340.

**3.** This Court in *Frankovich v. Frankovich*, 459 P.2d 583, 590 (Okl.1969) quoting *Mayse v. Newman et al.*, 189 Okl. 586, 118 P.2d 398 (1941)

stated, "it is said that the presumption of legitimacy is one of the strongest presumptions of the law."

**4.** Title 10 O.S.1991, § 70 reads:

Proceedings to establish paternity may be brought in the appropriate district court by civil proceedings [sic] brought by the mother, the father, guardian or custodian of the child, the Department of Human Services, the district attorney, a public or private agency or authority chargeable with the support of the child, or by the child. The court after determining paternity in a civil action shall prove for the support and maintenance of the child. The court shall further make provision for custody and visitation based upon the best interests of the child.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF AP-PEALS VACATED TRIAL COURT'S GRANTING OF SUMMARY JUDG-MENT AFFIRMED.

ALMA WILSON, C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., concurs in part and dissents in part.